```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
ALMETHIA MIDDLETON,
                        Plaintiff,         06 Civ.

          - against -                      COMPLAINT AND
                                           JURY TRIAL DEMAND

METROPOLITAN COLLEGE OF NEW YORK
(f/k/a AUDREY COHEN COLLEGE),
                        Defendant.
--------------------------------------X
```

Plaintiff, Almethia Middleton, by her attorney, Robert J. Barsch, Esq., as and for her Complaint against the defendant, Metropolitan College of New York, respectfully sets forth as follows:

## NATURE OF THE ACTION

1. This is a civil action for declaratory relief, injunctive relief, back pay, compensatory and punitive damages and other relief for discrimination in employment to redress discrimination in the terms and conditions of employment arising out of defendant's discrimination against plaintiff on the basis of sex and unlawful retaliation.

## JURISDICTION AND VENUE

2. Jurisdiction is specifically conferred upon this United States District Court by 28 U.S.C. §§ 1332 in that the controversy involves citizens of different states, to wit, New Jersey and New York, and the amount in controversy exceeds the sum of $75,000.

3. Venue properly lies in the Southern District of New York pursuant to 28 U.S.C. § 1391 in that the employment practices hereafter alleged to be unlawful were and now are being committed in the Southern District of New York, and defendant may be found in the Southern District of New York.

## PARTIES

4. Plaintiff, Almethia Middleton, is a citizen of the United States and resides within the City of Bergenfield in the State of New Jersey, and an employee of the defendant Metropolitan College of New York (hereinafter "College") from November 11, 2001 until March 3, 2003, when plaintiff received notice that her employment was terminated.

5. Upon information and belief, at all relevant times, defendant College has been and is now a nonprofit academic institution of higher education providing bachelor and masters degree programs, and is organized and existing under the laws of the State of New York, duly authorized to do business in the State of New York, and maintains its principal office at 75 Varick Street, New York, New York, 10013.

6. At all times material hereto, defendant College was engaged in an industry affecting commerce.

FACTUAL ALLEGATIONS

7.   On or about November 11, 2001, plaintiff became employed by defendant College in the position of Administrative Assistant.

8.   Plaintiff attended defendant College for completion of her bachelor's degree scheduled.

9.   On or about February 13, 2003, plaintiff suffered verbal sexual harassment by a male co-worker, Lamont Williams, of defendant College, during a regularly scheduled staff meeting conducted by plaintiff's immediate supervisor, Rae Mack. Specifically, Mr. Williams began challenging the women in attendance at the meeting, and then proceeded to berate plaintiff by verbal assault, culminating in sexually degrading language of the most depraved kind and personally unzipped his pants to ensure the effect of his actions would cause embarrassment, humiliation and fear.

10.   Immediately following the aforementioned meeting, plaintiff demanded of her supervisor, Ms. Mack, that Mr. Williams' conduct be reported to Susan Latham, Director of Human Resources of defendant College.

11.   On the same date, plaintiff also requested of her supervisor a transfer to another division or department at defendant College and it was later denied.

12. On or about February 24, 2003, supervisor Mack sent a formal three (3) page grievance to Human Resources outlining the sexual harassment suffered by plaintiff whereby Ms. Latham proceeded to investigate the charge.

13. On or about March 3, 2003, plaintiff received correspondence from Ms. Latham of Human Resources that her position had been terminated in retaliation for reporting the charge of sexual harassment by Mr. Williams.

14. Upon information and belief, Mr. Williams also was terminated.

15. Throughout the period of her employment with defendant College, plaintiff performed her responsibilities in a professional manner required of an administrative assistant and, but for defendant's discrimination against plaintiff and unlawful termination of plaintiff, plaintiff would have enjoyed a long and successful career with the defendant College.

AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" of this complaint with the same force and effect as if fully set forth herein.

17. The New York State Executive Law under Article 15, Section 296, makes it unlawful to discriminate against an employee in the terms, conditions or privileges of employment on the basis of sex.

18. The New York State Executive Law makes it unlawful for a person to violate any provision of the Executive Law or to aid, abet, incite, compel or coerce the doing of any of the forbidden acts, or to attempt to do so.

19. Throughout the course of plaintiff's employment with defendant College, defendant College subjected plaintiff to discriminatory treatment because of her sex.

20. Defendant College wrongfully discriminated against plaintiff by terminating her from her position based on her sex in violation of the New York State Executive Law.

21. As a direct and proximate cause of all acts of sexual discrimination by defendant College, plaintiff suffered damages consisting of the loss of salary and other compensation, and injuries from embarrassment, humiliation and anxiety, in an amount estimated to be at least Two Hundred Thousand Dollars ($200,000). Plaintiff is also entitled to recover attorney's fees, costs and expenses.

22. Defendant College's actions were malicious, oppressive, wanton, and heedlessly in disregard of plaintiff's rights, and accordingly plaintiff is entitled to recover both

punitive and statutory liquidated damages of the defendant College.


### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

23.	Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "22" of this complaint with the same force and effect as if fully set forth herein.

24.	The New York City Administrative Code under Title 8 makes it unlawful to discriminate against an employee in the terms, conditions or privileges of employment on the basis of sex.

25.	The New York City Administrative Code makes it unlawful for a person to violate any provision of the Administrative Code or to aid, abet, incite, compel or coerce the doing of any of the forbidden acts, or to attempt to do so.

26.	Throughout the course of plaintiff's employment with defendant College, defendant College discriminated against plaintiff on the basis of her sex.

27.	As a direct and proximate cause of all acts of sex discrimination by defendant College, plaintiff suffered damages consisting of the loss of salary and other compensation, and injuries from embarrassment, humiliation and anxiety, in an amount estimated to be at least Two Hundred Thousand Dollars

($200,000).  Plaintiff is also entitled to recover attorney's fees, costs and expenses.

28.   Defendant College's conduct complained of herein was willful, malicious, oppressive, wanton, and heedlessly in disregard of plaintiff's rights, and accordingly plaintiff is entitled to recover both punitive and statutory liquidated damages of the defendant College.

### AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

29.   Plaintiff reiterates and realleges each and every allegation contained in paragraphs "1" through "28" of this complaint with the same force and effect as if fully set forth herein.

30.   As a result of plaintiff's opposition to defendant College's unlawful employment practices, plaintiff was terminated from her position.

31.   The New York State Executive Law under Title 15, Section 296, makes it unlawful to retaliate against an employee who complains about discrimination in the terms, conditions or privileges of employment in violation of the New York State Executive Law.

32.   The New York State Executive Law makes it unlawful for a person to violate any provision of the Executive Law or to aid, abet, incite, compel or coerce the doing of any of the

forbidden acts, or to attempt to do so.

33. Throughout the course of plaintiff's employment with defendant College, defendant College retaliated against plaintiff.

34. Defendant College wrongfully retaliated against plaintiff by terminating her from her position in violation of the New York State Executive Law.

35. As a direct and proximate cause of all acts of retaliation by defendant College, plaintiff suffered damages consisting of the loss of salary and other compensation, and injuries from embarrassment, humiliation and anxiety, in an amount estimated to be at least Two Hundred Thousand Dollars ($200,000).

36. Defendant College's actions were malicious, oppressive, wanton, and heedlessly in disregard of plaintiff's rights, and accordingly plaintiff is entitled to recover both punitive and statutory liquidated damages of the defendant College.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

37. Plaintiff reiterates and realleges each and every allegation contained in paragraphs "1" through "36" of this complaint with the same force and effect as if fully set forth herein.

38. The New York City Administration Code under Title 8 makes it unlawful to retaliate against an employee who complains about discrimination in the terms, conditions or privileges of employment in violation of the New York City Administration Code.

39. The New York City Administration Code makes it unlawful for a person to violate any provision of the Administration Code or to aid, abet, incite, compel or coerce the doing of any of the forbidden acts, or to attempt to do so.

40. Throughout the course of plaintiff's employment with defendant College, defendant College retaliated against plaintiff.

41. Defendant College wrongfully retaliated against plaintiff by terminating her from her position in violation of the New York City Administration Code.

42. As a direct and proximate cause of all acts of retaliation by defendant College, plaintiff suffered damages consisting of the loss of salary and other compensation, and injuries from embarrassment, humiliation and anxiety, in an amount estimated to be at least Two Hundred Thousand Dollars ($200,000).

43. Defendant College's actions were malicious, oppressive, wanton, and heedlessly in disregard of plaintiff's rights, and accordingly plaintiff is entitled to recover both punitive and statutory liquidated damages of the defendant

College.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant College as follows:

a.    in an amount estimated to be at least Two Hundred Thousand Dollars ($200,000) on the First Cause of Action, including a declaration that defendant's actions and conduct engaged in to be in violation of plaintiff's rights; enjoining defendant from engaging in such conduct; ordering the payment of salary and benefits from the period of plaintiff's termination of employment until the time of judgment retirement; and awarding the plaintiff back salary and fringe benefits or front salary and benefits accrual; awarding the plaintiff the equitable relief of reinstatement to her position; awarding the plaintiff all damages to which she is entitled, including but not limited to compensatory damages, punitive damages and statutory liquidated damages; and awarding the plaintiff attorney's fees, costs and expenses;

b.    in an amount estimated to be at least Two Hundred Thousand Dollars ($200,000) on the Second Cause of Action, including a declaration that defendant's actions and conduct engaged in to be in violation of plaintiff's rights; enjoining defendant from engaging in such conduct; ordering the payment of salary and benefits from the period of plaintiff's termination of employment until the time of judgment retirement; and awarding

the plaintiff back salary and fringe benefits or front salary and benefits accrual; awarding the plaintiff the equitable relief of reinstatement to her position; awarding the plaintiff all damages to which she is entitled, including but not limited to compensatory damages, punitive damages and statutory liquidated damages; and awarding the plaintiff attorney's fees, costs and expenses;

     c.    in an amount estimated to be at least Two Hundred Thousand Dollars ($200,000) on the Third Cause of Action, including a declaration that defendant's actions and conduct engaged in to be in violation of plaintiff's rights; enjoining defendant from engaging in such conduct; ordering the payment of salary and benefits from the period of plaintiff's termination of employment until the time of judgment retirement; and awarding the plaintiff back salary and fringe benefits or front salary and benefits accrual; awarding the plaintiff the equitable relief of reinstatement to her position; awarding the plaintiff all damages to which she is entitled, including but not limited to compensatory damages, punitive damages and statutory liquidated damages; and awarding the plaintiff attorney's fees, costs and expenses;

     d.    in an amount estimated to be at least Two Hundred Thousand Dollars ($200,000) on the Fourth Cause of Action, including a declaration that defendant's actions and conduct

engaged in to be in violation of plaintiff's rights; enjoining defendant from engaging in such conduct; ordering the payment of salary and benefits from the period of plaintiff's termination of employment until the time of judgment retirement; and awarding the plaintiff back salary and fringe benefits or front salary and benefits accrual; awarding the plaintiff the equitable relief of reinstatement to her position; awarding the plaintiff all damages to which she is entitled, including but not limited to compensatory damages, punitive damages and statutory liquidated damages; and awarding the plaintiff attorney's fees, costs and expenses;

    e.   granting plaintiff such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
          March 2, 2006

                                      Respectfully submitted,

                                      /s/ Robert J. Barsch_____
                                      Robert J. Barsch, Esq.
                                      (RB 1612)
                                      Attorney for Plaintiff
                                      60 East 42nd Street
                                      Suite 2501
                                      New York, NY 10165
                                      (212) 986-2251

**JURY TRIAL DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands trial by jury on all issues herein.

Dated:   New York, New York
         March 2, 2006

Yours, etc.,

/s/ Robert J. Barsch_
Robert J. Barsch, Esq.
RB 1612)
Attorney for Plaintiff
60 East 42nd Street
Suite 2501
New York, NY 10165
(212) 986-2251